ARTHUR H. FORMAN, ESQ.
98-20 Metropolitan Avenue
Forest Hills, New York 11375
Tel:  (718) 268-2616
Fax: (718) 575-1600

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHEVON WARDE,                                                                          Case No.

                              Plaintiff,                                **COMPLAINT**

      -v.-


AD DELIVERY & WAREHOUSING INC.,
PARTS AUTHORITY, INC d/b/a The Parts Authority,
and AMRIT DABIE,

                              Defendants
------------------------------------------------------------------------X

Plaintiff, SHEVON WARDE (hereinafter, "Warde" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, AD DELIVERY & WAREHOUSING INC., PARTS AUTHORITY, INC. d/b/a The Parts Authority, and AMRIT DABIE, (collectively, "Defendants"), and state as follows:

**INTRODUCTION**

1.     Plaintiff, Warde alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), and the New York Labor Law that he is entitled to recover from Defendants: (1) unpaid overtime (2) improper deductions from his wages (3) liquidated damages, and (4) attorneys' fees and costs.

**JURISDICTION AND VENUE**

2. This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought under the Fair Labor Standards Act, 29 U.S. C. §§ 201, et seq. (the, "FLSA"). The Court has supplemental jurisdiction over the New York state law claims, pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the acts and/or omissions giving rise to the claims herein alleged occurred in this District.

**PARTIES**

4. Plaintiff, Shevon Warde, is a New York resident and was employed by Defendants as a warehouse worker at the distribution warehouse of The Parts Authority, located 1601 Bronxdale Avenue, Bronx, NY 10462, from approximately March 2014 until on or about January 26, 2016.

5. Upon information and belief, at all time relevant herein, Defendant AD Delivery & Warehousing Inc., ("AD") was, and still is, a domestic corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 99-53 211th Street, Queens Village, New York 11429.

6. Upon information and belief, Defendant Parts Authority, Inc. d/b/a The Parts Authority (the, "Parts Authority") was, and still is, a domestic corporation organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 211-10 Hillside Avenue, Queens Village, New York 11427.

7. Defendants AD and Parts Authority were and upon information and belief still are, business enterprises that, both individually and collectively, engaged in related activities performed through a unified operation or control, for common business purposes.

8. Defendant Parts Authority, employed Plaintiff by using a subcontractor system. Defendant AD was and upon information and belief still is, a subcontractor of the Parts Authority. Defendants AD and the Parts Authority controlled and supervised the work performed by Plaintiff. Specifically, the Parts Authority provided on-site supervision of Plaintiff, directed

Plaintiff as to locations in which he was to work and directed Plaintiff to use daily time sheets to record his hours at work.

9. Upon information and belief, at all times relevant herein, defendant Amrit Dabie, owned, operated and/or directly affected the conditions of employment of the employees of AD, and jointly employed Plaintiff.

## STATEMENT OF FACTS

10. Plaintiff was employed by defendants where he was assigned to work at the distribution warehouse of The Parts Authority, performing warehouse duties from on or about March 2014 to on or about January 26, 2016.

11. At all relevant times, the work performed by Plaintiff was carried out in the normal course of the Defendants' business and was directly essential to the business conducted by Defendants.

12. At all times relevant herein, Plaintiff reported to and was supervised by defendant Amrit Dabie and Azaam Hannif, the manager of the Bronxdale distribution warehouse of The Parts Authority.

13. Plaintiff was paid at the rate of $12.00 per hour for all hours Plaintiff worked at the Parts Authority warehouse. Although Plaintiff worked more than 40 hours each week, the hourly rate did not change for those hours Plaintiff worked after 40 per week.

14. Defendants failed and refused to pay Plaintiff for the time he spent driving a van owned by AD from the office of AD to the Parts Authority warehouse.

15. During the employment of Plaintiff by Defendants, Plaintiff worked well over forty (40) hours per week, usually working seven days per week, twelve or more hours per day, a total of approximately 88 hours per week.

16. At all times Plaintiff was employed by Defendants, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

17. Defendants made deductions from Plaintiff's pay in violation of New York Labor Law for what was purported to be parking fees. However, the motor vehicle Plaintiff parked was a company van owned by AD.

18. Defendants failed to pay Plaintiff an additional hour's pay for each day Plaintiff's shift at work exceeded ten hours.

19. Defendants failed to provide Plaintiff with a pay statement each time they paid him wages.

20. Defendants failed to provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Pay day form as required by N.Y. Labor Law § 195.1

## COUNT I.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

21. At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

22. Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

23. At all relevant times, Defendants were the joint employers of the Plaintiff within the meaning of the FLSA.

24. Upon information and belief, at all relevant times, defendants AD and Parts Authority have each had annual gross revenues in excess of $500,000.

25. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of forty each week pursuant to the FLSA.

26. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours he worked in excess of forty per week as required by the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

28. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

29. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.  Throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

30. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

31. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable for unpaid overtime wages, plus an equal amount as liquidated damages.

32. In addition to the foregoing unpaid wages and liquidated damages, Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II.
## VIOLATION OF NEW YORK LABOR LAW – FAILURE TO PAY OVERTIME

33. At all relevant times, Plaintiff was jointly employed by the Defendants within the meaning of the New York Labor Law §§2 and 651.

34. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in each workweek.

35. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, liquidated damages, reasonable attorneys' fees, and the costs and disbursements of this action.

## COUNT III.
## NEW YORK SPREAD OF HOURS PROVISION

36. Plaintiff regularly worked more than ten hours per day.

37. Defendants willfully and intentionally failed to compensate Plaintiff an additional one hour's pay at the basic New York minimum hourly wage rate for each day in which the spread of hours worked exceeded 10 hours, as required under 12 NYCRR § 142-2.4, which regulations was duly promulgated pursuant to N.Y. Labor Law § 21 (ii).

38. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, and attorneys' fees pursuant to N.Y. Lab. Law § 663.

## COUNT IV.
## UNLALWFUL DEDUCTIONS IN VIOLATION OF NEW YORK LABOR LAW

39. At all relevant times, Defendants were Plaintiff's employers within the meaning of New York Labor Law §§ 2 and 651.

40. New York Labor Law § 193 prohibits any employer or his agents, including owners and managers, from deducting any sums of money from an employee's wages unless such deductions are for the benefit of the employed and such employee has authorized the deduction in writing.

41. Defendants made illegal deductions from Plaintiff's wages;

42. As a result of the foregoing Defendants' willful and unlawful conduct violated New York Labor Law §193.

43. As a result of the foregoing, Plaintiff is entitled to an award of damages in an amount to be determined at trial.

## COUNT V.
## WAGE THEFT PREVENTION ACT

44. The Defendants failed to furnish to the Plaintiff with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name

of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3.

45. Due to the Defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.3, the Plaintiff should be awarded from the Defendants statutory damages of $250.00 per workweek that the violation occurred, up to the maximum of $5,000.00 pursuant to N.Y. Lab. Law § 198(1-d), together with costs and attorney fees.

## COUNT VI.
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

46. Defendants failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195 (1).

47. As a result of the foregoing Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Amrit Dabie, AD and Parts Authority, Inc., and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. §216;

e. An award under the New York Labor Law for unpaid spread of hours pay and improper deductions from wages;

f. An award of liquidated and/or punitive damages as a result of Defendants' failure to pay overtime compensation and spread of hours pay pursuant to the New York Labor Law;

g. An award of statutory damages for Defendants' violation of the Wage Theft Prevention Act, N.Y. Labor Law §195(3) as provided in N.Y. Labor Law § 198 (1-d) and the notice and recordkeeping requirements of N.Y. Labor Law §195(1) as provided in N.Y. Labor Law §§198 (1-b);

h. An award of prejudgment and post judgment interest; and

i. An award of costs and expenses of this action together with reasonable attorneys' fees.

Dated: July 13, 2016
Forest Hills, New York

_____/S/_____
ARTHUR H. FORMAN
90-20 Metropolitan Avenue
Forest Hills, New York 11375
(718) 268-2616

*Attorney for Plaintiff*