## SETTLEMENT AND GENERAL RELEASE AGREEMENT

**WHEREAS**, Shevon Warde (hereinafter "Plaintiff") commenced an action against AD Delivery & Warehousing Inc. and Amrit Dabie (hereinafter collectively "Defendants"), and Parts Authority Inc. d/b/a The Parts Authority (hereinafter "Co-Defendant") on or about July 13, 2016, in the United States District Court for the Eastern District of New York (the "Court"), presently bearing Docket No. 16-cv-03886-MKB-RLM (the "Action") alleging unlawful employment practices;

**WHEREAS**, Co-Defendant filed their Answer on December 13, 2016, denying Plaintiff's allegations, and having contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, Plaintiff, Defendants, and Co-Defendant (singularly, a "Party," collectively the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants or Co-Defendant, including, but not limited to, all claims and issues that were or could have been raised by Plaintiff, by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, Plaintiff's counsel of record in the Action, Defendants' counsel of record in the Action, and Co-Defendant's counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties on or about January 17, 2017 which constitutes a reasonable compromise of Plaintiff's claims, Defendants' defenses, and Co-Defendant's defenses and the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.      In consideration of the payment to Plaintiff by Defendants of the gross sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Amount"), which Plaintiff agrees includes an amount to which Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Defendants and Co-Defendant, as well as Defendants' and Co-Defendant's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants or Co-Defendant, deemed by Plaintiff to be an "employer" (including, but not limited to, Amrit Dabie, Ravindra Dabie, and Ganesh Narain) both individually and in their official capacities, as well as Defendants' and Co-Defendant's respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (including, but not limited to, Workforce Crew, Inc., Workforce Logistics, and Sp Auto Warehousing, Parts Authority, Inc. and Parts Authority LLC) (all of said individuals and entities referenced above are, with Defendants and Co-Defendant, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2. Within three (3) business days of the date counsel for Defendants receive: (i) this Agreement, fully executed and signed by Plaintiff before a notary; and (ii) the Stipulation of Dismissal ("Stipulation") in the form attached as "Exhibit A" signed by Plaintiff's counsel of record in the Action; Defendants' and Co-Defendant's counsels of record in the Action will sign the Stipulation, and Defendants' counsel will electronically file the executed Stipulation to the docket of the Action, as well as a copy of the fully-executed Agreement.

3. Provided that: (i) the seven-day revocation period set forth in Paragraph 21 of this Agreement has expired without Plaintiff's revocation; (ii) the Agreement is fully-executed by Plaintiff and is signed by Plaintiff before a notary and received by Defendants; (iii) the Stipulation is executed by Plaintiff's counsel of record in the Action and received by Defendants; (iv) a fully completed IRS form W-9 from Plaintiff's counsel is received by Defendants; and (v) the Stipulation is So-Ordered by the Court or the Court otherwise indicates that the settlement memorialized in this Agreement is fair and reasonable in its terms and accordingly dismisses the Action, the Settlement Amount shall be paid by Defendants as follows:

    (a) If the Court So-Orders the Stipulation or the Court otherwise indicates that the settlement memorialized in this Agreement is fair and reasonable in its terms and accordingly dismisses the Action with prejudice, the Settlement Amount shall be paid as follows:

        i. Within ten (10) days of the Courts approval, one (1) check from or on behalf of Defendants payable to "Arthur H. Forman as Attorney for Shevon Warde" in the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00), representing half of the payment for Plaintiff's alleged economic damages (including, but not limited to,

                    alleged unpaid wages), and Plaintiff's non-economic damages (including, but not limited to, liquidated damages); and

        ii. Thirty (30) days thereafter, one (1) check from or on behalf of Defendants payable to "Arthur H. Forman as Attorney for Shevon Warde" in the gross amount of Ten Thousand Dollars and Zero Cents ($10,000.00), representing the second half of the payment for Plaintiff's alleged economic damages (including, but not limited to, alleged unpaid wages), and Plaintiff's non-economic damages (including, but not limited to, liquidated damages), as well as for and inclusive of Plaintiff's counsel's attorneys, fees, and costs in the amount of $7,120.

Plaintiff and Defendants expressly acknowledge that Co-Defendant bears no financial responsibility concerning the payments described herein, and that all payments shall be funded or otherwise financed exclusively by Defendants.

    4.    All payments set forth above shall be delivered to or mailed to the attention of Arthur H. Forman, Esq. ("Plaintiff's counsel"), 98-20 Metropolitan Avenue, Forest Hills, New York 11375. Plaintiff's counsel agrees to distribute those portions of the Settlement Amount which represent payment for Plaintiff's alleged unpaid wages and liquidated damages within a reasonable period after it receives the amount described in Paragraph 3.

    5.    In the event that any payment described in Paragraph 3 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall provide written notice to Defendants' counsel, Jeffery A. Meyer, Esq., Kaufman Dolowich & Voluck, LLP, via email at jmeyer@kdvlaw.com, of said non-payment or incomplete payment, as well as Co-Defendant's

counsel, Sharon P. Stiller, Esq., via email at sstiller@abramslaw.com. Defendants will have ten (10) days from the date of receipt of Plaintiff's written notice to remedy the untimely or incomplete payment(s) before Plaintiff deems Defendants or Co-Defendant to be in default and the Agreement breached. If Defendants duly remedy the untimely or incomplete payment(s) before the expiration of that ten (10) day period, Plaintiff shall have no right to deem Defendants or Co-Defendant to be in default and the Agreement breached.

6. Defendants shall issue an IRS tax form 1099 to Plaintiff and Plaintiff's counsel for their respective portions of Settlement Amount at appropriate times. Plaintiff agrees to hold Defendants and Co-Defendant harmless, and indemnify Defendants and Co-Defendant from any payments Defendants or Co-Defendant may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes related to any income garnered by and through this Agreement.

7. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff acknowledges that he has been paid in full for all time worked and, other than the payments described in Paragraph 3 of this Agreement, is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours or stretch pay, withheld payroll deductions, call-in pay, vacation or sick pay, accrued benefits (including, but not limited to, health care benefits), bonus, or commission.

9. Plaintiff acknowledges that his employment with Defendants has ended. He further voluntarily and unequivocally acknowledges and agrees that by entering into this Agreement, he voluntarily and knowingly waives any and all rights to re-employment with Defendants, and will not seek employment with Defendants at any time.

10. Plaintiff agrees that he shall not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiff knows to be employed by Defendants, Co-Defendants, or Defendants' or Co-Defendants' business practices. Amrit Dabie, and the officers and directors of AD Delivery & Warehousing Inc. shall not make any statement, written, oral or electronic, which in any way disparages Plaintiff. Similarly, the officers and directors of Parts Authority Inc. shall not make any statement, written oral or electronic, which in any way disparages Plaintiff. However, this Paragraph shall not be interpreted to prevent the Parties from making truthful statements concerning the litigation of this Action.

11. The Parties agree that, in an action arising from any alleged breach of the Agreement, in addition to any remedies available to the Parties in law or equity for a breach thereof, the prevailing Party shall be entitled to receive reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should Plaintiff threaten to breach this Agreement, Plaintiff understands that such breach or threatened breach can cause irreparable harm to the Defendants or Co-Defendant, thereby warranting injunctive relief. In that event, Defendants and Co-Defendant will be entitled to an injunction, with no posting requirement. If the application is granted, Plaintiff shall be liable for all costs and fees associated with securing the appropriate injunctive relief. Similarly, should Defendants or Co-Defendant threaten to breach this agreement, Defendants and Co-Defendant understand that such breach or threatened breach can cause irreparable harm to Plaintiff, thereby warranting injunctive relief. In

that event, Plaintiff will be entitled to an injunction, with no posting requirement. If the application is granted, Defendants and Co-Defendant shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

12. The Parties acknowledge that this Agreement does not constitute an admission by Defendants or Co-Defendant of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants or Co-Defendant that Plaintiff's claims have merit. In fact, Plaintiff acknowledges that Defendants and Co-Defendant explicitly refute and deny any claims of wrongdoing.

13. This Agreement shall not be interpreted in favor of or against either Party on account of such Party's counsel having drafted this Agreement.

14. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

15. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

16. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

17. This Agreement may only be modified, altered or changed in writing, signed by the Parties, or otherwise by Order of the Court.

18. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree that the Court shall retain jurisdiction over this Agreement.

19. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement may be executed in any number of counterparts shall be deemed to be an original as against any Party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Jeffery A. Meyer, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, jmeyer@kdvlaw.com; counsel for Co-Defendant, Sharon P. Stiller, Esq., Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 160 Linden Oaks, Suite E, Rochester, NY 14625; (585) 218-9999; facsimile (585) 218-0562; sstiller@abramslaw.com; and counsel for Plaintiff, Arthur H. Forman, Esq., 98-20 Metropolitan Avenue, Forest Hills, New York 11375; (718) 268-2616; facsimile (718) 575-1600; af@ahforman.com.

20. Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of the same. Plaintiff further represents that he has been provided the opportunity of at least twenty-one (21) calendar days to review this Agreement, and that to the extent he executes this Agreement before that twenty-one (21) day period expires, he freely and voluntarily elects to forgo waiting twenty-one (21) calendar days prior to his execution of the Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily. Plaintiff further understands that he can revoke his acceptance by communicating his revocation in writing, so as to be received by counsel for Defendants and Co-Defendants within seven (7) calendar days of his execution of the Agreement in accordance with the notice provisions in Paragraph 20.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF**, Plaintiff, Defendants, and Co-Defendant have duly executed this Settlement Agreement and General Release freely and voluntarily.

Agreed and Accepted: _____
Shevon Warde

STATE OF NEW YORK　　}
　　　　　　　　　　　　　}S.S.
COUNTY OF Queens　　　}

On Feb. 16, 2017, before me personally came Shevon Warde, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ARTHUR H FORMAN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02FO4787414
QUALIFIED IN QUEENS COUNTY
MY COMMISION EXPIRES SEPTEMBER 30, 20__

10

Agreed and Accepted:

        AD Delivery & Warehousing, Inc.

        _____

        By:   Amrit Dabie

        Date: _____

Agreed and Accepted:

        _____

        Amrit Dabie, Individually

        Date: _____

Agreed and Accepted:

        PARTS AUTHORITY, INC. d/b/a The Parts Authority

        _____/s/_____

        By:   Yaron Rosenthal

        Date:  2/17/2017

11

Agreed and Accepted:

          AD Delivery & Warehousing, Inc.

          _____

          By:    Amrit Dabie

          Date:   2/22/17

Agreed and Accepted:

          _____

          Amrit Dabie, Individually

          Date:   2/22/17

Agreed and Accepted:

          PARTS AUTHORITY, INC. d/b/a The Parts Authority

          _____

          By:    _____

          Date:   _____